IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PIERRE BROWN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0951-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Pierre Brown, appearing *pro se*, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 33 years confinement. His conviction and sentence were affirmed on direct appeal. *Brown v. State*, No. 05-02-01388-CR (Tex. App.--Dallas, Mar. 27, 2003, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied. *Ex parte Brown*, No. 60,010-01 (Tex. Crim. App. Jan. 19, 2005). Petitioner then filed this action in federal court. Process has been withheld pending a determination of the application to proceed *in forma pauperis*.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security

therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted an affidavit in support of his application to proceed *in forma pauperis*. A statement of his inmate trust account is attached. The record shows that petitioner has $184.71 on deposit with prison officials. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

## **RECOMMENDATION**

The application to proceed *in forma pauperis* should be denied. Petitioner should be ordered to pay the statutory filing fee by **June 20, 2005.** If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 23, 2005.

                                             JEFF KAPLAN
                                             UNITED STATES MAGISTRATE JUDGE