IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PIERRE BROWN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0951-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Pierre Brown, appearing *pro se*, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should

be denied.

I.

A jury convicted petitioner of aggravated assault with a deadly weapon and sentenced him

to 33 years confinement.  His conviction and sentence were affirmed on direct appeal.  *Brown v.*

*State*, No. 05-02-01388-CR, 2003 WL 1563760 (Tex. App.--Dallas, Mar. 27, 2003, pet. ref'd).

Petitioner also filed an application for state post-conviction relief.  The application was denied

without written order.  *Ex parte Brown*, No. 60,010-01 (Tex. Crim. App. Jan. 19, 2005).  Petitioner

then filed this action in federal court.

II.

In four related grounds for relief, petitioner contends that he received ineffective assistance

of counsel at trial and on appeal because his lawyers failed to object to the inadequate translation of

the complainant's testimony by a Spanish language interpreter and did not supplement the appellate

record with an affidavit from a juror establishing that the translation was improper.[1]

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably

effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*,

446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). That right is denied when the

performance of counsel falls below an objective standard of reasonable professional assistance and

thereby prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,

80 L.Ed.2d 674 (1984). Prejudice results when "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

104 S.Ct. at 2068. *See also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d

180 (1993) (habeas petitioner must show that trial result was fundamentally unreliable or proceeding

fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim,

a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

---

[1]  Petitioner also complains that the failure to properly translate the complainant's testimony deprived him of his constitutional right to confront adverse witnesses. However, a federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Such is the case here. On direct appeal, the state court refused to consider this claim because counsel did not object to the interpreter's translation at trial or include the juror's affidavit in a motion for new trial. *Brown*, 2003 WL 1563760 at *1. Petitioner therefore is barred from litigating the merits of this claim in federal court. *See Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir.), *cert. denied*, 118 S.Ct. 1793 (1998).

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*., 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004).  Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"  *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

B.

At trial, the complaining witness, Ricardo Cisneros, testified in Spanish.  His testimony was translated by a Spanish language interpreter.  Cisneros told the jury that two young black men robbed him in broad daylight while he was washing his truck at a Dallas carwash.  (SF-III at 12-13).  According to Cisneros, the men grabbed him by the neck, took his wallet, struck him twice in the

face, and shot at him as they ran away.  (*Id.* at 13).  Cisneros got into his truck and drove to a stop

sign.  At that point, the suspects got out of their vehicle and fired two more shots.  The men told

Cisneros "that if I didn't get away from them that they were going to--they were going to shoot at

me again[.]"  (*Id.*).  Undeterred, Cisneros pursued the suspects to another carwash where they shot

at him before discarding his wallet.  (*Id.* at 13-14).  Cisneros then followed the men to an apartment

complex.  When one of the men exited the passenger side of the truck, Cisneros continued to follow

the driver until the police arrived and arrested the two suspects.  (*Id.* at 14-15).  Cisneros identified

petitioner as one of the men who robbed and shot at him.  (*Id.* at 18).

Defense counsel did not object to the interpreter's translation of Cisneros' testimony during

the trial.  However, after the trial concluded, counsel learned that one of the jurors expressed

concern about the accuracy of this translation.  In a sworn affidavit dated October 9, 2002--more

than a month after the jury returned its verdict--John Anthony Pargas stated:

> I was A MEMBER OF THE JURY during the trial of Christopher
> Brown in Cause number F01-59594 and I am fluent in both Spanish
> and English.  During the testimony of the complaining witness, who
> spoke only Spanish and whose testimony was being translated for the
> jury by a court appointed interpreter, I noticed that the interpreter was
> not properly translating the testimony of that witness.

(St. Hab. Tr. at 46).  The record also contains a handwritten statement by Pargas.  In his statement,

which is neither sworn nor dated, Pargas elaborates on the factual basis of his affidavit:

> What I remember from the case is where the complainant was giving
> his version of the chase.  He said he followed the car down the street
> at high speed never losing sight of the car.  Where they got to the stop
> light, the car ran the red light, the complainant was following but held
> back enough to let 2 cars go by the [ ] red light himself in pursuit of
> the assailants.  He followed them to the other car wash were [sic] the
> complainant said he was fired upon again.  There were other
> translations that the complainant and the translator were not
> understanding each other real good.

(*Id.* at 47).  Although petitioner appealed his conviction on the ground that the interpreter failed to accurately translate the complainant's testimony, appellate counsel did not raise this issue in a motion for new trial or bring Pargas' affidavit to the attention of the trial court.  Instead, the affidavit was attached to petitioner's brief.  The court of appeals refused to consider this claim because the issue was not preserved for appellate review.

Petitioner now criticizes both David Sprinkle, his trial attorney, and Deborah Farris, his appellate lawyer, for failing to preserve this point of error for appeal.  The court initially observes that Sprinkle had no reason to suspect that the interpreter's translation was inaccurate.  It was not until after the trial, when counsel was permitted to interview jurors, that Pargas came forward.  At that point, the only recourse was to perfect an appeal.  Sprinkle timely filed a notice of appeal and the court appointed Farris to represent petitioner in that proceeding.  (*See* Supp. St. Hab. Tr. at 3-4).

Nor can petitioner demonstrate that Farris rendered ineffective assistance of counsel.  The court initially questions whether Pargas' testimony would have been admissible in any post-conviction proceeding.  Tex. R. Evid. 606(b) strictly prohibits a juror from testifying as to "the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment."[2]  *See also Pyles v. Johnson*, 136 F.3d 986, 993 (5th Cir.), *cert. denied*, 118 S.Ct. 2338 (1998) (applying Fed. R. Evid. 606(b) to preclude juror from testifying about "mental processes" in federal habeas proceeding).  Even had Farris challenged the accuracy of the interpreter's translation in a motion for new trial, Pargas' testimony could not be used to impeach the verdict.

---

[2]  The only exceptions to this rule are:  (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.  *See* Tex. R. Evid. 606(b).  Neither exception is applicable to this case.

Moreover, petitioner has failed to demonstrate prejudice.  Pargas appears to dispute the translation of Cisneros' testimony about events that occurred *after* the robbery when he followed the suspects to another carwash.  There is no argument, much less evidence, that the interpreter improperly translated Cisneros' testimony about the robbery itself or his in-court identification of petitioner as one of the suspects.  Nor does Pargas explain how the translation was inaccurate.  His vague and conclusory assertions that "the interpreter was not properly translating the testimony of that witness" and "[t]here were other translations that the complainant and the translator were not understanding each other real good" do not entitle petitioner to federal habeas relief.

Finally, Travis Barrance, an eyewitness to the robbery who testified in English, identified petitioner as the man who placed Cisneros in a chokehold while another man took his money at gunpoint.  (SF-III at 124-25).  Barrance also witnessed petitioner fire shots at Cisneros as he drove away in his car.  (*Id.* at 129).  In light of the overwhelming evidence of guilt, petitioner cannot show how he was prejudiced by the failure to include Pargas' affidavit in the appellate record.  *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir.), *cert. denied*, 119 S.Ct. 383 (1998) (failure of counsel to object to instances of jury tampering held not prejudicial where evidence of guilt was overwhelming).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

      DATED:  October 18, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE